UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SIMMS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BALBOA CAPITAL CORPORATION, et al.,<br><br>    Defendants. | Case No. 22-cv-07464-RS<br><br>**ORDER GRANTING MOTION TO REMAND** |

On November 23, 2022, Defendant Experian Information Solutions, Inc. ("Experian"), removed this action from the California Superior Court for the County of Marin. *See* Dkt. 1. The underlying action avers violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, by Experian and Defendant Balboa Capital Corporation ("Balboa"). Balboa moves to remand on the basis that it did not (and does not) consent to Experian's removal. This motion is suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b).

The motion is granted. The Notice of Removal indicates that subject matter jurisdiction lies under 28 U.S.C. § 1331, that is, federal question jurisdiction. In an action removed under federal question jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of action." 28 U.S.C. § 1446(b). Experian argues it was relieved of this requirement because it "reasonably believed that Balboa had not been served because (a) no attorney had yet appeared in the state court case on behalf of Balboa, (b) no proof of service as to Balboa had been filed, and (c) no answer for Balboa had been filed." Dkt. 16, at 3.

1    This argument is unpersuasive. While the Ninth Circuit has not provided a standard for
2 cases in this particular procedural posture, there appear to be only "a few narrow exceptions to the
3 unanimity requirement" for removal. *Beltran v. Monterey Cnty.*, No. C 08-05194 JW, 2009 WL
4 585880, at *2 (N.D. Cal. Mar. 6, 2009). In similar circumstances, other district courts in the Ninth
5 Circuit have concluded that "[a] removing defendant *must exercise due diligence* to ascertain if
6 other defendants have been served." *Id.* (alteration in original) (emphasis added) (quoting *Orozco
7 v. EquiFirst Corp.*, No. CV 08-8064 PA, 2008 WL 5412364, at *1 (C.D. Cal. Dec. 22, 2008)).
8 Here, Experian states that its counsel merely checked the state court docket twice and emailed
9 Balboa's counsel once in the two days before the deadline to remove; when counsel did not
10 receive a prompt response, the Notice of Removal was filed. *See* Dkt. 16, Declaration ¶¶ 2–4.
11 Further, as Balboa argues, Experian never contacted Plaintiffs' counsel to ascertain whether
12 Balboa had been served; doing so could have revealed that Balboa had been served weeks earlier.
13 Taken altogether, this does not constitute due diligence. *See also Orozco*, 2008 WL 5412364, at *1
14 ("[S]imply checking if a proof of service has been filed with the court is insufficient."). Given this,
15 as well as the Ninth Circuit's "strong presumption against removal jurisdiction," remand is proper.
16 *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quotation marks omitted).[1]

17    The motion is therefore granted, and the case is remanded to the Superior Court of
18 California, County of Marin. The motion hearing scheduled for February 2, 2023, is vacated.

20   **IT IS SO ORDERED**.

22   Dated: January 26, 2023

_____
RICHARD SEEBORG
Chief United States District Judge

---

[1] Furthermore, Experian would not appear to be prejudiced by remand since it has settled its claims with Plaintiffs and intends to seek dismissal. *See* Dkt. 15.